In the Matter of LEO BRESLER (Admitted as LEO LIPSHITZ), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 20, 1987

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Louis J. Profera* of counsel), for petitioner.

*Leo Bresler,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this court on December 19, 1934, under the name of Leo Lipshitz. In this proceeding, the petitioner has moved to confirm the report of the Special Referee sustaining all charges of professional misconduct and the respondent has submitted an affirmation in opposition.

The first charge alleged that respondent neglected legal matters entrusted to him from on or about 1975 to the present, in that, he failed to serve a timely notice of claim, failed to timely commence an action, failed to appear at the call of the Trial Calendar resulting in the action being marked off the calendar, failed to timely take any action to restore his clients' matter to the Trial Calendar, and, when he ultimately did so, failed to prepare and file an affidavit of merits with respect to said action, failed to file a notice of appeal from an order denying the motion to restore the case to the Trial Calendar, and failed to communicate with his clients regarding the status of their claim.

The third charge alleged that the respondent converted moneys belonging to a client over 90 years of age, and forged the signature of his client. It is alleged that the respondent retained the proceeds of several of his client's real estate sales, retained certain rent and dividend checks belonging to his client, and, from about September 1982 through June 1983, withdrew over $30,000 from his client's account, those conversions totaling approximately $120,000.

The fifth charge alleged, *inter alia,* that the respondent converted approximately $16,500 of the proceeds of the settlement of an automobile accident case, forged the signatures of both of his clients, and failed to file retainer and closing statements.

The second, fourth and sixth charges alleged that the respondent failed to cooperate with the petitioner Grievance Committee in its investigation of the three aforementioned charges.

After reviewing all of the evidence, we are in full agreement with the findings set out in the report of the Special Referee. The petitioner's motion to confirm the report of the Special Referee is granted.

The respondent is adjudged guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred, and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.